**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0005-WJM-NYW

CAROLYN DEDMON,

    Plaintiff,

v.

CONTINENTAL AIRLINES, INC.,
UNITED AIRLINES, INC., and
UNITED CONTINENTAL HOLDINGS, INC.,

    Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Carolyn Dedmon ("Plaintiff") brings this action against Defendants Continental Airlines, Inc., United Airlines, Inc., and United Continental Holdings, Inc. (collectively "Defendants") for injuries she suffered when she fell on Defendants' property. (Am. Compl. (ECF No. 9).) Before the Court is Defendants' Motion for Summary Judgment ("Motion"). (ECF No. 46.) For the reasons set forth below, the Motion is denied.

### I.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient

disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. FACTUAL BACKGROUND

Chelsea, an airline catering company that is a subsidiary of United, occupies and operates the Chelsea facility at Denver International Airport. (Igo Aff. (ECF No. 46-1) ¶ 2.) Frontier Airlines sublets one area inside the Chelsea facility for its food service operations. (*Id.*) At all times relevant herein, Plaintiff was employed by Frontier Airlines and worked at the Chelsea facility refilling catering carts used on Frontier flights. (Pl.'s Dep. (ECF No. 46-2) pp. 7-10.)

On October 23, 2010, Plaintiff was at work when she left Frontier's catering area and walked down the hall to retrieve a bottle of Gatorade from the facility's employee cafeteria. (Pl.'s Dep. at 43, 57.) In the hallway ahead of her, Plaintiff saw two caution signs that read "Wet Floor". (*Id.* at 44, 48.) Plaintiff stopped short of the signs, examined the floor, and noticed a large spill that extended across the entire hallway. (*Id.* at 44, 51-52, 77-78.) It appeared to Plaintiff that the spill had just occurred. (*Id.* at 52, 78-79.)

Plaintiff was in a hurry to retrieve her Gatorade before the next round of catering

carts arrived, so she chose to walk across the spill rather than take an alternate route that would have required her to exit the building, walk across the loading dock, and reenter through the far side. (Pl.'s Dep. at 84-85; Igo Dep. (ECF No. 54-1) pp. 108, 198-200.) Plaintiff surveyed the spill and determined that she could cross one side of the hallway that appeared less wet. (Pl.'s Dep. at 76-77, 84-85.) Plaintiff did not feel the substance on the floor before she decided to cross the spill. (*Id.* at 74.)

Plaintiff took one step forward onto the wet substance, slipped, and fell to the ground. (*Id.* at 54.) After the fall, Plaintiff had trouble getting back to her feet because the spilled substance was so slippery. (*Id.* at 64-65, 74-75.) Based on the liquid that remained on her hands, Plaintiff felt like the spilled substance was "some kind of oil." (*Id.*) The spill occurred in a hallway through which used cooking oil was transported from the hot food production area to the disposal area. (Igo Dep. (ECF No. 54-1) pp. 111-13.)

On these facts, Plaintiff brings a claim against Defendants under Colorado's Premises Liability statute, Colo. Rev. Stat. § 13-21-115. (ECF No. 9.) Defendants filed their Motion for Summary Judgment on July 14, 2014. (ECF No. 46.) Plaintiff filed her Response (ECF No. 54), and Defendants filed their Reply (ECF No. 59). This matter is now ripe for review.

### III. ANALYSIS

Defendants move for summary judgment on two bases: (1) Plaintiff has failed to show a genuine dispute of fact as to whether Defendants exercised reasonable care to protect against a danger on their property; and (2) Defendants have shown that they are entitled to summary judgment on their affirmative defense of assumption of risk. (ECF

No. 46.)  The Court will address each argument in turn below.

**A.     Reasonableness of Defendants' Actions**

To prevail on a premises liability claim, a plaintiff must show:  (1) breach of a duty to use reasonable care to protect against a danger on the property; and (2) actual or constructive knowledge of the danger.  *Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1461 (D. Colo. 1997).  Defendants admit that they knew of the spill, so the second element is not at issue.  With regard to the first element, Defendants contend that Plaintiff has failed to show that their conduct fell below a reasonable standard of care.

"[R]easonable care is measured by what a person of ordinary prudence would or would not do under the same or similar circumstances."  *Lombard v. Colo. Outdoor Ed. Ctr.*, 187 P.3d 565, 574 (Colo. 2008).  Defendants contend that there is no genuine dispute as to whether their response to the spill was reasonable.  (ECF No. 46 at 9-10.)  Defendants point out that, after being notified of the spill, their porter put up two "Wet Floor" caution signs near the spill, which were present when Plaintiff approached the area.  (*Id.* at 8.)  Defendants contend that they followed their own cleaning protocol, which complies with industry standards, and therefore no reasonable juror could find that their response to the spill was unreasonable.  (*Id.* at 7-8.)

Plaintiff argues that, even assuming that Defendants' actions were reasonable if the spilled substance was water, because the spill was an oil substance, placement of two signs was not sufficient to meet Defendants' duty in this case.  (ECF No. 54 at 9.)  The bulk of Plaintiff's argument rests on her belief that the spill was oil rather than water or some other less slippery substance.  (*Id.*)  In response, Defendants contend that

4

there is no evidence that the spill was oil and therefore no genuine dispute of material fact. (ECF No. 59 at 13.) Defendants contend that the "only evidence that the substance was cooking oil was Plaintiff's self-serving hearsay statement that she heard an unknown Chelsea employee say that cooking oil had been spilled." (*Id.* at 12.) While this statement appears to be the only <u>direct</u> evidence on this point, and the Court agrees that it may be inadmissible hearsay, the Court finds that there is adequate admissible circumstantial evidence to permit a reasonable juror to conclude that the spill was an oily substance rather than water. For example, Plaintiff testified that although she "had no firsthand knowledge" as to the substance of the spill, she put her hands out to break her fall and afterwards noticed that the substance on her hands felt like some kind of oil. (Pl.'s Dep. at 64-65, 74-75.) Plaintiff also testified that the slipperiness of the substance made it difficult for her to regain a standing position after she fell. (*Id.*) Also, Anthony Igo testified that the spill occurred in the hallway used to transport used cooking oil from the hot food production area to the disposal area. (Igo Dep. at 111-13.) From this evidence, a reasonable juror could conclude that the substance spilled on the floor was a slippery oil.

      The fact that a juror could conclude that the spill was an oily substance affects whether Defendants' response to the spill was reasonable. The Court finds that a juror could reasonably conclude that, while placing two warning signs near a spill of water or some other relatively non-slippery substance may be sufficient to meet a landowners' burden, these minimal actions are not sufficient if the spill is known to be oil or some other slippery substance. As Plaintiff points out, Defendants could have stationed someone at the spill to warn of the danger, or posted a sign which indicated that the

spill was an oily substance.

The Court notes that most of Defendants' brief focuses on Plaintiff's actions—Plaintiff saw the signs and the spill on the floor, Plaintiff deliberately chose to continue walking across the spill, and Plaintiff could have avoided the spill by taking an alternate route. (*See* ECF No. 4-7.) However, Defendants have an obligation to show that their response to the spill was reasonable regardless of the propriety of Plaintiff's actions. *See Sofford*, 954 F. at 1461. Whether Plaintiff acted unreasonably or assumed some risk by choosing to walk across the spill is relevant to Defendants' affirmative defenses, but is not a reason to grant summary judgment in favor of Defendants on the premises liability claim.

Ultimately, the reasonableness of a party's actions is typically a question of fact to be decided by the fact-finder and is not generally appropriate for summary adjudication. *See Concho Constr. Co. v. Olka. Natural Gas Co.*, 201 F.2d 673, 675 (10th Cir. 1953) (reversing district court's grant of summary judgment because reasonableness is a jury question). The Court concludes that Plaintiff has shown a genuine dispute of material fact as to whether the spill was an oily substance, and that this in turn makes the reasonableness of Defendants' actions a question to be resolved by the jury. Accordingly, the Court denies Defendants' Motion on this basis.

**B.     Assumption of Risk**

Defendants also move for summary judgment on the grounds that Plaintiff has failed to show a genuine dispute of fact as to their affirmative defense of assumption of risk. (ECF No. 46 at 11-12.) Specifically, Defendants contend that Plaintiff knowingly and unreasonably chose to cross the spill, and that this makes her liable for the fall

rather than Defendants.  (*Id.*)

In response, Plaintiff argues that assumption of risk is not an affirmative defense to a premises liability claim.  (ECF No. 54 at 12.)  While this was an open question under Colorado law after *Vigil v. Franklin*, 103 P.3d 322 (Colo. 2004), it now appears settled that affirmative defenses which do not alter a landowner's duty—such as contributory negligence and assumption of risk—may be asserted against a premises liability claim.  *See Union Pac. R.R. Co. v. Martin*, 209 P.3d 185, 190 (Colo. 2009) (landowner can assert comparative negligence as defense to premises liability claim); *Tucker v. Volunteers of Am.*, 211 P.3d 708, 711 (Colo. App. 2008) (holding that the premises liability act does not "abrogate statutorily created defenses" such as "comparative negligence and assumption of the risk.").  Thus, the Court concludes that Defendants are permitted to assert assumption of risk as an affirmative defense to Plaintiff's premises liability claim.

However, Defendants have not shown that they are entitled to summary judgment on this defense.  Under Colorado law, "a person assumes the risk of injury to damage if he voluntarily or unreasonably exposes himself to injury or damage with knowledge or appreciation of the danger and risk involved."  Colo. Rev. Stat. § 13-21-111.7.  The Court finds that Plaintiff has shown a dispute of fact as to whether she knew or appreciated the full extent of the danger of the spill on the floor.  As set forth above, a reasonable juror could conclude from the circumstantial evidence that the spill was an oily substance, and nothing on the Defendant's "Wet Floor" signs notified her of the nature of the spill.  Accordingly, the Court finds that there is a genuine dispute of material fact as to whether Plaintiff knew or appreciated the full extent of the danger she

faced by choosing to walk across the spill.

Colorado courts have held that assumption of risk "poses a question for the trier of fact" and is not ordinarily appropriate for summary judgment. *Wills v. Bath Excavating & Constr. Co.*, 829 P.2d 405, 409 (Colo. App. 1991). Combining the factual dispute over the nature of the spilled substance with the strong preference that assumption of risk be decided by the jury, the Court finds that Defendants have failed to show that summary judgment is appropriate on this basis.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion for Summary Judgment (ECF No. 46) is DENIED; and
2. This case remains set for trial beginning September 28, 2015 at 8:30 a.m. in Courtroom A801 with a Final Trial Preparation Conference set for 2:30 p.m. on September 4, 2015.

Dated this 12th day of February, 2015.

BY THE COURT:

*[signature]*

William J. Martínez
United States District Judge