# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-0005-WJM-NYW

CAROLYN DEDMON,

    Plaintiff,

v.

CONTINENTAL AIRLINES, INC.,
UNITED AIR LINES, INC., and
UNITED CONTINENTAL HOLDINGS, INC.,

    Defendants.

---

## ORDER ON DEFENDANTS' MOTION TO
## ENFORCE SCHEDULING ORDER

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendants' Motion to Enforce Scheduling Order and Quash Plaintiff's Subpoena *Duces Tecum* ("Motion to Enforce") filed on March 16, 2015 [#82], which was referred to this Magistrate Judge pursuant the Order of Reference "to conduct nondispositive proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a)" [#10] and the Memorandum dated March 17, 2015 [#83]. Also before the court is Defendants' Motion for Leave to File a Reply in Support of Their Motion to Enforce Scheduling Order and Quash Plaintiff's Subpoena *Duces Tecum* [#88], filed on April 2, 2015 (the "Motion for Leave"), and referred to this Magistrate Judge pursuant to the Memorandum dated April 2, 2015. The court has reviewed the pending Motion to Enforce, the Response filed by Plaintiff Carolyn Dedmon [#86], and the exhibits thereto. Finding that the underlying Motion to Enforce

should be granted on the record already before the court, for the reasons discussed below, the court GRANTS the Motion to Enforce and DENIES the Motion for Leave as moot.

## BACKGROUND

This case arises out of an alleged injury sustained by Plaintiff Carolyn Dedmon ("Plaintiff" or "Ms. Dedmon") during the course of her employment at Denver International Airport ("DIA"). As Ms. Dedmon walked through the kitchen of Defendant Chelsea Food Services ("CFS"), a wholly-owned subsidiary of United Airlines, she slipped, fell, and allegedly as a result, suffered serious bodily injury. [#1-4, ¶ 8]. Ms. Dedmon filed her original Complaint against CFS, Continental Airlines, Inc., United Air Lines, Inc., and United Continental Holdings (collectively, "Defendants" or "United") on October 22, 2012, in Denver County District Court, alleging three counts: (1) premises liability; (2) negligence; and (3) *res ipsa loquitor*. [#1-4].

United filed a Notice of Removal on January 4, 2013. [#1] Four days later, Ms. Dedmon filed a First Amended Complaint, dismissing CFS and its claims for negligence and *res ipsa loquitor*. [#9]. United then answered on January 22, 2013 [#15], and the court entered a Scheduling Order on March 11, 2013, governing pretrial matters including discovery. [#21]. The Scheduling Order set the following deadlines: (1) Plaintiff's expert disclosures and reports on July 11, 2013; (2) Defendants' expert disclosures and reports on August 9, 2013; (3) close of fact discovery on September 11, 2013, and (4) close of expert discovery on October 11, 2013. [*Id.*]. The Scheduling Order expressly provided that "The scheduling order may be altered or amended only upon a showing of good cause." [*Id.* at § 13].

On July 29, 2013, the Parties jointly moved the court for modification of the Scheduling Order, explaining that the amount of medical records and potential out of state depositions

necessitated additional time. [#24]. The court granted the motion, resetting the schedule for expert disclosures with Plaintiff's designation of experts no later than October 11, 2013; Defendants' designation of experts no later than November 9, 2013; and Plaintiff's designation of rebuttal witnesses no later than December 13, 2013. [#25]. The court also set the date for the close of fact discovery on December 11, 2013; and expert discovery on January 11, 2013. [*Id.*]

The Parties were unable to meet those deadlines, and on October 28, 2013, filed another Joint Motion to Modify the Scheduling Order, seeking a further extension to the deadlines based on the volume of medical records and medical providers in this case. [#26]. The court held a hearing on the Joint Motion to Modify the Scheduling Order on November 19, 2013, and permitted the further extension of the operative deadlines as follows: (1) Plaintiff's expert disclosures on January 20, 2014; (2) Defendants' expert disclosures (affirmative and rebuttal) on February 18, 2014; (3) Plaintiff's rebuttal expert disclosures on March 14, 2014; and (4) close of all discovery (without distinction between fact and expert) on April 15, 2014. [#29]. In granting the Joint Motion, the court expressly noted that it "[did] not intend to extend the schedule again based on difficulties in obtaining medical records through the use of release forms." [*Id.*]

On March 18, 2014, Ms. Dedmon filed a third Motion to Modify the Scheduling Order, to which Defendants objected. The court heard argument on April 4, 2014 on the Motion to Modify the Scheduling Order, during which it granted an extension of time to the close of all discovery until July 14, 2014, and for the filing of dispositive motions until July 14, 2014. [#44].

As noted by Defendants and undisputed by Plaintiff, it was not until March 3, 2015, nearly a full eight and a half months *after* the close of fact discovery in this action, that "Plaintiff's counsel served upon Defendants a copy of a subpoena *duces tecum* directed to Plaintiff's former employer, Frontier Airlines, Inc. ('Frontier'), which requested documents

related to Plaintiff's October 23, 2010 injury and her related Worker's Compensation claim with Frontier." [#82, at 3].

Plaintiff contends that on March 20, 2013, she provided Frontier Airlines, Inc. ("Frontier") with an authorization to release (among other documents) the medical billing records belatedly requested by the subpoena at issue here; that her counsel later waited to first contact counsel for Frontier on May 21, 2014 in conversation and correspondence directed at obtaining said records (allegedly due to difficulties securing the records from Plaintiff's medical providers directly); and that her counsel subsequently waited until December 8, 2014—nearly a half year after the court-Ordered cut-off for the close of all discovery had passed—to next reach out to counsel for Frontier. [#86, at 2]. Plaintiff concedes that it was not until March 3, 2015 she "issued" the "Subpoena *Duces Tecum*" at issue to Frontier. [*Id.*, at #3].

## ANALYSIS

**I.  Standard of Review**

A subpoena *duces tecum* issued to a third party is "discovery" within the meaning of the Federal Rules of Civil Procedure. *Rice v. U.S.*, 164 F.R.D. 556, 556–57 (N.D. Okla. 1995). Accordingly, discovery conducted pursuant to a Rule 45 subpoena must be concluded by the deadline specified in the court's Scheduling Order. *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D. Okla. 2001); *Rice*, 164 F.R.D. at 558.

Regardless of the moving party's standing to challenge a subpoena directed to a non-party, courts possess the inherent power to quash an untimely subpoena. *See, e.g.*, *Galloway v. Islands Mechanical Contractor, Inc.*, 2013 WL 163985, *4 (D.V.I. Jan. 14, 2013); *Peterbilt of Great Bend, LLC v. Doonan*, 2006 WL 3193371, *2 (D. Kan. Nov. 1, 2006); *Revander v. Denman*, 2004 WL 97693, *1 (S.D.N.Y. 2004).

## II.     Application to Plaintiff's Untimely Subpoena

The subpoena at issue here violates the court's Third Amended Scheduling Order because it seeks to conduct discovery well beyond the deadline provided for by that Order, after multiple prior extensions of discovery deadlines (including the discovery cut-off) in this action. Therefore, the court holds that the subpoena should be quashed pursuant to the court's inherent powers. Far from establishing "good cause" to yet again extend the discovery cut-off, Plaintiff's serial and extended delays in seeking the discovery sought—including by way of diligently pursuing motion practice if necessary on account of any purported misconduct by Defendants or any third party—amply demonstrate that there is no injustice in holding Plaintiff to the discovery cut-off that passed many months before the instant subpoena issued.

## CONCLUSION

Based on the court's review of the papers and supporting evidence, and application of the pertinent case law, IT IS HEREBY ORDERED that:

(1) Defendants' Motion to Enforce is GRANTED;

(2) Defendants' Motion for Leave is DENIED as moot.

DATED April 14, 2015.                                                   BY THE COURT:

*s/* Nina Y. Wang_____
United States Magistrate Judge