# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-0005-WJM-NYW

CAROLYN DEDMON,

    Plaintiff,

v.

CONTINENTAL AIRLINES, INC.,
UNITED AIR LINES, INC., and
UNITED CONTINENTAL HOLDINGS, INC.,

    Defendants.

---

## ORDER ON DEFENDANTS' PENDING MOTIONS
---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendants' Motion to Strike Plaintiff's Sixth and Seventh Supplemental Disclosures ("Defendants' Motion to Strike") filed on May 18, 2015 [#92] and Defendants' Motion for Order to Deem Admitted Unanswered Requests for Admissions ("Defendants' Motion to Deem RFAs Admitted") filed on May 18, 2015 [#93], which were referred to this Magistrate Judge pursuant to the Order of Reference "to conduct nondispositive proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a)" [#10], the Reassignment dated February 9, 2015 [#74], and the Memoranda dated May 18, 2015 [#94, #95]. The court has reviewed the pending motions, the Responses filed by Plaintiff Carolyn Dedmon ("Plaintiff" or "Ms. Dedmon") [#102, #103], the supporting Replies by Defendants [#115, #116], and the exhibits thereto. The court has also considered arguments of

counsel made during the hearing on July 31, 2015; the entire case file; and the applicable law. For the reasons discussed below, the court GRANTS Defendants' Motion to Strike and DENIES Defendants' Motion to Deem Admitted.

## BACKGROUND

Because the factual background of this case has been discussed in prior court orders [#80, #90], this court will focus on the circumstances giving rise to these pending motions. This is a personal injury case in which Ms. Dedmon alleges that she suffered serious bodily injury after a slip and fall occurring at Denver International Airport ("DIA"). [#3, ¶ 8]. The original complaint in this action was filed on October 22, 2012, resulting from an injury that occurred on or about October 23, 2010. [#3 at ¶¶ 7-8]. The case was then removed to this court on January 2, 2013. [#1].

The court entered a Scheduling Order on March 11, 2013, governing pretrial matters including discovery. [#21]. In the Scheduling Order, Plaintiff included a Computation of Damages, in which she claimed "non-economic and economic damages including medical and rehabilitation treatment expenses" and indicated that "[e]conomic damages for medical bills to date, currently in excess of $300,00.00." [*Id.* at 5]. The Scheduling Order set a deadline for the completion of fact discovery for September 11, 20<u>13</u>. [*Id.* at 8 (emphasis added)].

The Parties then moved the court successively to extend the deadlines in the case. The Parties first requested, and the court granted, an extension of discovery until December 11, 2013. [#23, #25]. As a basis for the extension, the Parties cited the difficulty of obtaining complete medical records from Plaintiff's various treating physicians. [#23]. On October 28, 2013, the Parties filed another Joint Motion to Modify the Scheduling Order, seeking a further extension to the deadlines again based on the volume of medical records and medical providers in this case. [#26]. The court held a hearing on the Joint Motion to Modify the Scheduling Order on

November 19, 2013, and again extended the close of discovery until April 15, 2014. [#29]. In granting the Joint Motion, the court indicated that it "[did] not intend to extend the schedule again based on difficulties in obtaining medical records through the use of release forms." [*Id.* at 1]. On March 12, 2014, thirty-three days prior to the April 15, 2014 close of discovery, Defendants served a set of twenty-one Requests for Admissions. [#93-1].

On March 18, 2014, Ms. Dedmon filed her third Motion to Modify the Scheduling Order, to which Defendants objected. The court heard argument on April 4, 2014 on the Motion to Modify the Scheduling Order, during which it granted an extension of time to the close of all discovery until July 14, 2014. [#44]. During the hearing, Plaintiff's counsel represented to the court that if discovery was extended until July 14, 2014, that he would have sufficient time to get discovery completed. [#92-4 at 6:6-8]. In fact, he assured the court he would not seek yet another extension. [*Id.* at 6:9-12].

The Parties participated in a Final Pretrial Conference on December 8, 2014 [#69], and the court entered a Final Pretrial Order. [#70]. The court ordered the Parties to submit revised exhibit lists on or before February 16, 2015. [*Id.* at 10]. Rejecting the Parties' report that "discovery has been substantially completed," the court unequivocally indicated that "discovery is closed." [*Id.*]

On March 19, 2015, more than a year and a half after the close of discovery, Plaintiff served her Sixth Supplemental Rule 26 Disclosures, identifying and producing for the first time, a number of medical billing reports from treatment that occurred prior to July 14, 2014. [#92-5]. On May 1, 2015, Plaintiff served her Seventh Supplemental Rule 26 Disclosures, identifying and producing for the first time, additional medical billing reports from treatment that occurred prior

to July 14, 2014. [#92-6]. Defendants' Requests for Admissions were unanswered until Plaintiff filed her Response to the pending Motion to Deem RFAs Admitted. [#102-2].

Defendants now seek to have the court strike Plaintiff's Sixth and Seventh Supplemental Rule 26 Disclosures as untimely, and to have the twenty-one Requests for Admissions deemed admitted by operation of law under Rule 36 of the Federal Rules of Civil Procedure.

## ANALYSIS

**I.     Standard of Review**

**A.     Sixth and Seventh Supplemental Rule 26 Disclosures**

Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure expressly requires a party to:

> disclose a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A)(iii). In addition, Rule 26(a)(3)(A)(iii) requires:

> an identification of each document or other exhibit, including summaries of other evidence---separately identifying those items the party expects to offer and those it may offer if the need arises.

Fed. R. Civ. P. 26(a)(3)(A)(iii). After rejecting the Parties' proposed exhibit lists, the court ordered the Parties' exhibit lists to be filed no later than February 16, 2015. [#69]. Rule 26(e)(1)(A) allows parties to supplement prior disclosures, in a timely manner, if the prior response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the course of discovery. Fed. R. Civ. P. 26(e)(1)(A). The Federal Rules do not define "a timely manner." *Id.*

Rule 37(c) of the Federal Rules of Civil Procedure provides that if a party fails to provide information as required by Rule 26, the party is not allowed to use that information unless the

4

failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). In considering whether a sanction is appropriate, the court considers whether: (i) the prejudice or surprise to the party entitled to receive the disclosures; (ii) the ability of that party to cure such prejudice; (iii) the extent to which allowing the undisclosed evidence would disrupt the trial; and (iv) the disclosing party's bad faith or willfulness. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

### B. Requests for Admission

Under Rule 36 of the Federal Rules of Civil Procedure, a party may serve on any other party a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either. Fed. R. Civ. P. 36(a)(1). A matter is admitted, unless within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection which is signed by the party or her attorney. Fed. R. Civ. P. 36(a)(3).

However, once a matter is admitted, the court may permit the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b). Subject to Rule 16(e), the court may permit withdrawal or amendment if (1) it would promote the presentation of the merits and if (2) the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action. *Id.* The prejudice contemplated by Rule 36(b) is more than simply inconvenience to the party. *See Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005). Instead, "the prejudice relates to the difficulty a party may have in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.*

## II.     Defendants' Motion to Strike Plaintiff's Sixth and Seventh Supplemental Disclosures

There is, and can be no dispute, that Plaintiff's Sixth and Seventh Supplemental Disclosures are untimely. They were served not only well after the close of discovery, but after the Final Pretrial Conference, the entry of the Final Pretrial Order, and the extended deadline permitted by the court for the submission of exhibit lists for trial. [#92-5, #92-6].

### A.     Substantial Justification

Ms. Dedmon argues that her late disclosures are substantially justified by arguing that it was Defendants' duty to produce the documents because Plaintiff provided medical releases, and when Defendants failed to produce the billing records, Plaintiff had to undertake obtaining the billing records herself – thus delaying the production until well after the close of discovery. [#103 at 4]. Defendants assert in Reply that they produced all the documents received by any source, despite not having been served with discovery requests [#116 at 3], and confirmed to the court during the July 31 oral argument that they had, in fact, produced all billing records received from the providers.

As of May 21, 2014 – months prior to the close of discovery – Plaintiff's counsel was aware that he did not possess all of the billing records that he believed necessary. [#103-1 at 10]. Yet inexplicably, it appears that Plaintiff never sought those records for herself until much later. Instead, Plaintiff's counsel demanded that Defendants to follow up with certain medical providers and produce missing information in December 2014 – months after the close of discovery; after the Parties had already participated in the Final Pretrial Conference; and after the court had entered the Final Pretrial Order. [*Id.* at 21]. Plaintiff cites no case law, and this court finds none, to support her position that somehow the burden of discovering and producing

6

documents to support her claim for damages—documents that her counsel were well aware existed and had not been produced – shifted to Defendants.[1]

Plaintiff's suggestion at oral argument that Rule 26(e) somehow excuses the late disclosures is also incorrect. The billing records at issue are not for treatment that occurred after the close of discovery, as was identified and contemplated in the Final Pretrial Order. [#70 at 10]. Plaintiff admits that these billing records are associated with Explanation of Benefits ("EOBs") that were produced within the discovery period and of which Defendants were purportedly "well-aware." [#103 at 5]. The plain language of Rule 26(e) requires supplementation to be made in a "timely manner." Timeliness must be measured in terms of a party's diligence in obtaining the information, <u>and</u> in terms of how long it takes a party to disclose once she obtains the information. Otherwise, a party could subvert the very purpose of Rule 26 by simply waiting to obtain relevant information, and then argue that she turned over the information as soon as she received it.

Simply put, the court finds nothing in this record that warrants the conclusion that Plaintiff's late disclosures were either caused by Defendants, or otherwise substantially justified.

### B.     Harmlessness

Ms. Dedmon also argues that her late disclosure of the billing records is harmless because Defendants had the Explanation of Benefits and information about medical expenses before the close of discovery. [#103 at 5]. She further contends that the Defendants are not prejudiced, and that the trial, scheduled to commence in two months, will be unaffected. [*Id.* at 6]. Defendants

---

[1] The analysis would likely be different had Defendants actually received the billing records at issue from the medical providers but then refused to provide them to Plaintiff. Contrary to Plaintiff's allegations, that does not appear to be the case.

contend that the late disclosure prejudices them because they have been unable to take discovery or challenge the validity of the expenses as reflected in the documents. [#92 at 7].

### 1.     Prejudice

The court agrees that the late disclosure of the billing records associated with Plaintiff's medical treatment prejudices Defendants in a few important ways. First, even if Defendants were aware of the treatment provided by the medical providers through the EOBs, there is no doubt that Defendants have not had an opportunity to ask specific questions with respect to the newly produced documents. Second, to the extent that Defendants would seek to re-open discovery due to the billing records, this court would likely deny such a request, given the protracted history of this case to date, or in the unlikely event that discovery was reopened, Defendants would bear additional delay and expense associated with such additional discovery. *See Jama v. City and County of Denver*, 304 F.R.D. 289, 301 (D. Colo. 2014).

### 2.     Ability to Cure/Delay of Trial

Ms. Dedmon also suggests that any prejudice could simply be cured because the trial is two months away. As an initial matter, scheduling orders are contemplated and designed to offer a degree of certainty in pretrial proceedings, ensuring at some point that the claims and evidence are fixed so that parties may proceed to trial. *See Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2010 WL 1435382, *6 (D. Colo. Apr. 9, 2010). They are not, though Plaintiff may otherwise wish, optional deadlines that can be simply ignored or amended on a whim. In this case, Plaintiff did not even attempt to amend the Scheduling Order to account for her late disclosure.

In this case, the Final Pretrial Order has also been entered. [#70]. A final pretrial order is focused on formulating a plan for the impending trial that may be amended only to prevent

manifest injustice. Fed. R. Civ. P. 16(e); *Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015). While not inflexible, the standard for modifying a final pretrial order is high to ensure that the parties have a sufficient incentive to provide reasonably fair notice to the court and the other side as to their trial intentions. *Monfore*, 778 F.3d at 851. Ms. Dedmon presumably expects to offer all or some of the documents identified in her Sixth and Seventh Supplemental Disclosures at trial, but has not sought to amend her Trial Exhibit List and it is difficult to see, based on the record of this case, how Plaintiff could prevail in any attempt to amend the Pretrial Order to include any of the newly offered evidence.

Ms. Dedmon fails to establish any reason why she should be permitted to essentially unilaterally amend the court's Scheduling Order and Final Pretrial Orders to accommodate her eleventh hour disclosure of additional documents. Nor is the court persuaded, or impressed, by Plaintiff's attempt to shift responsibility to Defendants for her late disclosure. The incident at issue occurred almost five years ago. The case has been pending in state or this court since 2012. At every turn in this case, the court accommodated the Parties' request for additional time. The court denied Defendants' Motion for Summary Judgment on February 12, 2015. [#75]. The Parties submitted exhibit lists in February 2015. Defendants objected to Plaintiff's Exhibit List on March 16, 2015. [#81]. The trial is set to commence on September 28, 2015. There is not time for the Parties and the court to account for all the potential repercussions of these additional disclosures. It is simply time for the Parties to proceed to trial, without further delay.

### 3. Plaintiff's Bad Faith or Willfulness

Defendants do not argue Plaintiff engaged in bad faith or willfully withheld the billing records. [#92, #116]. Therefore, the court does not consider this factor. Even without it, the court finds that Plaintiff's late supplementation is not substantially justified or harmless, and that

Plaintiff's Sixth and Seventh Supplemental Disclosures are appropriately stricken pursuant to Rule 37(c)(1).

### III.  Defendants' Motion to Deem Requests for Admission as Admitted

Defendants also seek to have their twenty-one requests for admissions deemed admitted due to Plaintiff's failure to respond to them in a timely manner. [#93]. Although Defendants are correct that under the Rule, requests for admission are automatically deemed admitted if not responded or objected to within 30 days of service, Fed. R. Civ. P. 36(a)(3), Rule 36(b) also specifically contemplates that the court may permit the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b). Neither party addresses the two factors that courts consider in determining whether withdrawal or amendment should be permitted, *i.e.*, (1) it would promote the presentation of the merits and if (2) the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action.

In this case, the court finds that it would promote the presentation of the merits of the case for Ms. Dedmon to be able to dispute the admissions, if appropriate. The undersigned is not persuaded that Defendants are prejudiced if Plaintiff is permitted to proceed with her responses to the Requests for Admissions as attached as [#102-2]. As the Tenth Circuit held, the prejudice contemplated by Rule 36(b) is not "mere inconvenience;" more than a failure to meet deadlines is required to deny a party relief from an admission. *See Raiser*, 409 F.3d at 1247.

Defendants and the record fail to establish that Defendants would be prejudiced if Plaintiff is permitted to respond to their Requests for Admissions. As Plaintiff notes, she has already admitted more than half of the Requests for Admissions. [#102 at 3; #102-2]. In addition, Defendants' filings make clear that they had an opportunity to question Ms. Dedmon substantively on the factual topics presented by the Requests for Admissions, as they identify

10

alleged contradictions. [#115 at 2-3]. In addition, Defendants will most likely have an opportunity to cross-examine Ms. Dedmon at trial.

Under these circumstances, the court DENIES Defendants' Motion to Deem Admitted Unanswered Requests for Admissions.

**CONCLUSION**

Based on the court's review of the papers and supporting evidence, the oral arguments, and application of the pertinent case law, IT IS HEREBY ORDERED that:

(1) Defendants' Motion to Strike Plaintiff's Sixth and Seventh Supplemental Disclosures filed on May 18, 2015 [#92] is GRANTED; and

(2) Defendants' Motion for Order to Deem Admitted Unanswered Requests for Admissions filed on May 18, 2015 [#93] is DENIED.

DATED August 5, 2015.                                        BY THE COURT:

                                                             s/ Nina Y. Wang
                                                             United States Magistrate Judge